IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                         )
                                               )    Case No. 06-09913
WTE S&S AG Enterprises LLC,                    )    Chapter 11
an Wisconsin limited liability company,        )    Judge Donald R. Cassling
                                               )
        Debtor/Debtor-in-Possession.           )

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST:

  PLEASE TAKE NOTICE that on the 29th day of March, 2016 at 9:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Donald R. Cassling, Bankruptcy Judge, in the room usually occupied by him as courtroom 619 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion For Authority To Use Cash Collateral And For Related Relief**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

  AT WHICH TIME and place you may appear if you so see fit.

                                    /s/David K. Welch
                                    Crane, Heyman, Simon, Welch & Clar
                                    135 S. LaSalle St., Suite 3705
                                    Chicago, Illinois 60603
                                    (312) 641-6777

## CERTIFICATE OF SERVICE

  The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via the Court's Electronic Filing System (ECF), where indicated, via Email where indicated and Federal Express Delivery where indicated, properly addressed to all parties listed on the attached Service List on the 23rd day of March, 2016.

                                    /s/David K. Welch

## SERVICE LIST

**ECF**

United States Trustee
Dirksen Federal Building
219 South Dearborn St., Suite 873
Chicago, IL 60604

**Email Service**

James P. Burnett
Burnett McDermott Jahn King DesRoch
50 East Main St., PO Box 146
Chilton, WI 53410
Email: burnett@lbmjk.com

Patrick W. Brennan
Crivello Carlson,S.C.
710 N. Plankinton Ave., Suite 500
Milwaukee, WI 53203
Email: Pbrennan@crivellocarlson.com

State Bank of Chilton
26 E. Main St.
PO Box 149
Chilton, WI 53014
Email: hoerthd@statebankofchilton.com

Tina M. Bird
Freeborn & Peters LLP
311 South Wacker Drive, Suite 300
Chicago, IL 60606
Email: tbird@freeborn.com

Bonnie K. Houlihan
George Burnett
Law Firm of Conway Olejniczak & Jerry SC
231 South Adams St.
PO Box 23200
Green Bay, WI 54305-3200
Email: bonnieh@lcojlaw.com
           gb@lcojlaw.com

**Federal Express/Overnight**

CenturyLink, Inc.
100 CenturyLink Drive
P.O. Box 4065
Monroe, LA 71203

Law Firm of Conway Olejniczak & Jerry SC
231 South Adams St.
PO Box 23200
Green Bay, WI 54305-3200

D&D Equipment Co., Inc.
820 Main Street
Chilton, WI 53014

DVO, Inc.
820 Main Street
Chilton, WI 53014

Endeavor Electric, Inc.
3010 Conkey St.
Appleton, WI 54911

Freeborn & Peters LLP
311 South Wacker Drive, Suite 300
Chicago, IL 60606

Martin Energy Group
39415 Excelsior Drive
Latham, MO 65050

Northern Biogas LLC
1595 Allouez Ave., Suite 3
GreenBay, MO 64311

State Bank of Chilton
26 E. Main St.
PO Box 149
Chilton, WI 53014

Wisconsin Public Service
WEC Energy Group
231 W. Michigan St.
Milwaukee, WI 53203

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
 )
WTE S&S AG Enterprises LLC, ) Case No. 06-09913
an Wisconsin limited liability company, ) Chapter 11
 ) Judge Donald R. Cassling
 )
Debtor/Debtor-in-Possession. )

## MOTION FOR AUTHORITY TO USE
## CASH COLLATERAL AND FOR RELATED RELIEF

WTE S&S AG Enterprises LLC, Debtor/Debtor-in-Possession herein, by and through its Attorneys, makes its Motion pursuant to Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court For Authority to Use Cash Collateral and For Related Relief; and in support thereof, states as follows:

**Introduction**

1. On March 23, 2016, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor is operating its business and managing its financial affairs as Debtor in Possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

3. By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by State Bank of Chilton ("Lender").

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157

1

and 1334.

5.     This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

6.     The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court.

**Relevant Factual Background**

7.     The Debtor is a limited liability company that was established pursuant to, and is in good standing under, the laws of the State of Wisconsin. The Debtor's principal office is located at 2629 N. Seminary Ave., Chicago, Illinois 60614.

8.     The Debtor was formed for the purpose of constructing an anaerobic digester ("Digester") on the largest dairy farm in Door County, Wisconsin, so as to generate electricity from harnessing methane extracted from animal waste.

9.     With the use of capital raised from investors and financing from the Lender, the Debtor constructed and installed the Digester in 2011 on the dairy farm located at 7900 Old Elm Road, Sturgeon Bay, Wisconsin ("Dairy Farm"). The Digester became operational in January 2012. The Debtor leases the Dairy Farm from S&S AG Enterprises, LLC ("Site Owner") under a lease with a term of twenty (20) years commencing on October 1, 2010. The Site Owner and the Debtor are unrelated parties.

10.    The Digester is a 2.1 million gallon sealed cement tank (which is almost exactly the size of a football field ) that is approximately sixteen (16) feed deep. The Digester has a system of pumps and piping that takes the animal waste from approximately 5000 dairy cattle at the Dairy

2

Farm and, after an approximate 21 day process utilizing organic and naturally occurring enzymes, converts the waste to electricity (from the methane gas) and bedding for cows on the Dairy Farm (from the remaining dry solid material). A third by-product of this process is the generation of carbon credits that are determined by the amount of methane that is prevented from being released into the atmosphere. Typically, these carbon credits are registered and then sold to third parties.

11. In October 2011, the Lender made loans to the Debtor in the approximate aggregate amount of $2,500,000.00. The indebtedness arising from these loans is purportedly secured by first position liens and security interests on virtually all of the Debtor's assets, including cash collateral as that term is defined in Section 363(a) of the Bankruptcy Code. The remaining balance due to the Lender is approximately $1,000,000.00.

12. In late 2013, the Debtor initiated litigation against GHD, Inc., a/k/a DVO, Inc. ("DVO")for breach of contract ("Debtor Litigation") in the Circuit Court of Door County, Wisconsin (Wisconsin State Court"). In the Debtor Litigation, the Debtor seeks damages from DVO in an amount in excess of $2,000,000.00 for numerous errors and omissions in the design and construction of the Digester. As of the Petition Date, the Debtor Litigation is pending in the Wisconsin State Court.

13. Shortly after the commencement of the Debtor Litigation, and presumably in partial response to the Debtor Litigation, D&D Equipment Co., Inc. And Endeavor Electric, Inc. (D&D/Endeavor") filed a separate action against the Debtor in the Wisconsin State Court to recover amounts purportedly due from the Debtor relating to work on the Digester ("Other Litigation").

14. The Wisconsin State Court decided to rule on the claims in the Other Litigation without also determining the claims in the Debtor Litigation and entered summary judgment in favor

3

of D&D/Endeavor and against the Debtor in the amount of $307,982.98.[1] Thereafter, D&D/Endeavor issued a non-wage garnishment to Wisconsin Public Service Corporate ("WPSC") which resulted in $51,302.00 owed to the Debtor by WPSC being delivered to the Clerk of the Wisconsin State Court for eventual partial payment of the judgment ("Garnished Funds"). The Garnished Funds represent revenue due to the Debtor from WPSC for the production of electricity from the Digester.[2]

15. The Debtor has objected to the non-wage garnishment. The Wisconsin State Court has yet to rule on the Debtor's objection. Presumably, if permitted to proceed with the non-wage garnishment, not only will the Garnished Funds be lost to D&D/Endeavor but future revenues due from WPSC may also be lost to D&D/Endeavor.[3] Such a result will strip the Debtor of its ability to operate its business, to reorganize and pay its other creditors (including the Lender) and to prosecute the Debtor Litigation.[4]

16. These events in the Other Litigation were the triggers for the commencement of this Chapter 11 case.

**Use of Cash Collateral**

17. The Lender asserts first position liens and security interests against the Debtor and its personal property to secure an indebtedness in the current aggregate amount of approximately $1,000,000.00.

---

[1] The Debtor has filed an appeal from this judgment.

[2] WPSC and the Debtor are parties to a Power Purchase Agreement pursuant to which WPSC purchases all of the energy manufactured in the Digester. The revenue generated under this Power Purchase Agreement comprises the majority of the Debtor's overall revenue.

[3] These revenues due from WPSC are payable on a monthly basis to the Debtor.

[4] The Debtor intends to seek the immediate release and turnover of the Garnished Funds in a separate action brought in this Court.

Case 16-09913    Doc 4    Filed 03/23/16    Entered 03/23/16 11:00:56    Desc Main
                           Document      Page 8 of 11

18. In order for the Debtor to continue to operate its business and manage its financial affairs in the ordinary course and effectuate an effective reorganization, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

A) Maintenance and Repairs to the Digester;

B) Insurance;

C) Utilities;

D) Executive Compensation; and

E) Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** are the Debtor's monthly cash flow projections for the period March 2016, through May 8, 2016, (the "Budget"). This Budget itemizes the Debtor's cash needs during the relevant period.

19. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Debtor's business, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

20. The Debtor proposes, subject to the approval of this Court, to use cash collateral in which the Lender asserts an interest. The Debtor's proposal will permit the Debtor to sustain its business operations and reorganize its financial affairs through the implementation of a successful Plan of Reorganization. Furthermore, the Debtor's proposal will adequately protect the purported secured interests of the Lender.

21. Unless the Debtor is authorized to use cash collateral in which the Lender asserts

an interest, the Debtor will be unable to continue to operate its business and manage its property, thereby eliminating any reasonable prospect for a successful reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

22. The Debtor proposes to use cash collateral and provide adequate protection to the Lender upon the following terms and conditions:[5]

- A. The Debtor will permit the Lender to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

- B. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

- C. The Debtor shall, upon reasonable request, make available to the Lender evidence of that which purportedly constitutes its collateral or proceeds;

- D. The Debtor will properly maintain its assets in good repair and properly manage its business; and

- E. The Lender shall be granted valid, perfected, enforceable security interests in and to Debtor's post-petition assets, including all proceeds and products which are now or hereafter become property of this estate to the extent and priority of its alleged pre-petition liens, if valid, but only to the extent of any diminution in the value of such assets during the period from the commencement of the Debtor's Chapter 11 case through the next hearing on the use of cash collateral.

23. Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on Exhibit A to this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed by the Lender or upon further Order of this Court. Furthermore, any expenses that are budgeted for

---

[5] Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules of this Court is necessary.

6

payment in one month but are not paid in such month shall be carried over for payment in subsequent months.

**Conclusion**

24. The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

25. The Debtor believes that it is in the best interests of the Debtor, its creditors and this estate to authorize it to use that portion of its cash, all or a portion of which may constitute cash collateral, in that, without the limited use of such cash as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses thereby resulting in immediate and irreparable harm and loss to the Debtor, creditors and this estate.

26. For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, WTE S&S AG Enterprises LLC, as Debtor/Debtor-in-Possession herein, requests the entry of an Order as follows:

A. Authorizing the Debtor to use cash collateral in which the Lender asserts liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B. Preliminarily authorizing the Debtor to use cash collateral pending a final hearing on this Motion;

C. Setting a final hearing on this Motion; and

D. Granting such other relief as this Court deems just and appropriate.

                    WTE S&S AG Enterprises LLC,
                    Debtor/Debtor-in-Possession

                    By: /s/David K. Welch
                          One of its Attorneys

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Brian P. Welch, Esq. (Atty. No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705, Chicago, IL 60603
TEL: (312) 641-6777  FAX: (312) 641-7114
W:\GRACE\WTE SS AG Enterprises\Cash Collateral.MOT.wpd

8