IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 16-09913 |
| WTE S&S AG Enterprises LLC, | ) | Chapter 11 |
| an Wisconsin limited liability company, | ) | Judge Donald R. Cassling |
| | ) | |
| Debtor/Debtor-in-Possession.) | | |

## NOTICE OF MOTION

TO:     ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the **20th day of March, 2018 at 9:30 a.m.** or as soon thereafter as counsel can be heard, I shall appear before the Honorable Donald R. Cassling, Bankruptcy Judge, in the room usually occupied by him as courtroom 619 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion For Allowance of Final Compensation and Reimbursement of Expenses to Debtor's Former Counsel,** a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Jeffrey C. Dan_____
Crane, Simon, Clar & Dan
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) on February 27, 2018, and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on the 27th day of February, 2018.

/s/Jeffrey C. Dan_____

## SERVICE LIST

United States Trustee*
Dirksen Federal Building
219 South Dearborn St., Suite 873
Chicago, IL 60604

Timothy F. Nixon*
Erin A. West
Godfrey & Kahn, S.C.
200 South Washington St., Suite 100
Green Bay, WI 54301-4298

Daniel J. McGarry*
Husch Blackwell LLP
33 E. Main St., #300
PO Box 1379
Madison, WI 53701-1379

Aaron B. Chapin*
Husch Blackwell, LLP
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606

Ronald Barliant*
Goldberg Kohn
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603-5792

George P. Apostolides, Esq.*
Kevin H. Morse, Esq.
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606

Erich S. Buck, Esq.*
Howard L. Adelman, Esq.
Adelman & Gettleman, Ltd.
53 West Jackson Blvd., Suite 1050
Chicago, IL 60604

WTE-S&S AG Enterprises, LLC*
2629 N. Seminary Ave.
Unit C
Chicago, IL 60614

CenturyLink, Inc.
100 CenturyLink Drive
P.O. Box 4065
Monroe, LA 71203

Conway, Olijnoczak & Jerry, S.C.
P.O. Box 23200
Green Bay, WI 54305

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

DVO, Inc.
Kelly Dvorak
820 Main Street
Chilton, WI 53014

Endeavor Electric, Inc.
3010 Conkey St.
Appleton, WI 54911

Freeborn & Peters LLP
311 South Wacker Drive, Suite 300
Chicago, IL 60606

Gregory Crowther
51 Oak Ridge
Deer Park, IL 60010

Husch Blackwell, LLP
formerly D & D
33 E. Main Street, Suite 300
PO Box 1379
Madison, WI 53701-1379

James P. Burnett
Burnett McDermott Jahn King DesRoch
50 East Main St., PO Box 146
Chilton, WI 53410

James Phillip
1462 W Garragat Ave.
Chicago, IL 60640

Law Firm of Conway, Olejniczak & Jerry
P.O. Box 23200
Green Bay, WI 54305-3200

Mark S. DesRochers
50 East Main Street
P.O. Box 146
Chilton, WI 53014

Martin Energy Group
39415 Excelsior Drive
Latham, MO 65050

Northern Biogas LLC
1595 Allouez Ave., Suite 3
GreenBay, MO 64311

Patrick W. Brennan
Crivello Carlson,S.C.
710 N. Plankinton Ave., Suite 500
Milwaukee, WI 53203

State Bank of Chilton
c/o Timothy F. Nixon
GODFREY & KAHN, S.C.
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298

State Bank of Chilton
Attorney Erin A. West
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, WI 53703

State Bank of Chilton
26 E. Main St.
PO Box 149
Chilton, WI 53014

Stephen Philip
2629 N. Seminary Ave.
Unit C
Chicago, IL 60614

Weber Oil
PO Box 174
Kiel, WI 53042

Wisconsin Public Service
WEC Energy Group
231 W. Michigan St.
Milwaukee, WI 53203

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

WTE S&S AG Enterprises, LLC,
a Wisconsin limited liability company,

      Debtor/Debtor-in-Possession.

Chapter 11
Case No.  16-09913
Judge Donald R. Cassling

## NOTICE OF HEARING ON MOTION FOR
## ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT
## OF EXPENSES TO DEBTOR'S COUNSEL AND FOR RELATED RELIEF

**TO ALL CREDITORS AND PARTIES IN INTEREST**:

      PLEASE TAKE NOTICE that on February 27, 2018, Crane, Simon, Clar & Dan, former counsel for the Debtor, filed a Motion for Allowance of Final Compensation and Reimbursement of Expenses (the "CSCD Motion"), requesting the sum of $59,514.00 for legal services rendered to the Debtor for the period commencing August 17, 2017 through and including November 1, 2018, plus costs advanced for the same period in the sum of $1,197.89.

      PLEASE TAKE FURTHER NOTICE that any person objecting to the CSCD Motion is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 S. Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m. on the **16th day of March, 2018**, with a copy of said objection(s) to be simultaneously served upon Jeffrey C. Dan, Crane, Simon, Clar & Dan, 135 S. LaSalle Street, Suite 3705, Chicago, Illinois 60603.

      PLEASE TAKE FURTHER NOTICE that a hearing on the CSCD Motion, together with objections timely filed, if any, will be held before the Honorable Donald R. Cassling, Bankruptcy Judge, Courtroom No. 619, 219 S. Dearborn Street, Chicago, Illinois, on the **20th day of March, 2018, at the hour of 9:30 a.m.**, at which time and place you may appear if you so see fit.

DATED:       FEBRAURY 27, 2018

**<u>DEBTOR'S FORMER COUNSEL</u>**:
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
Crane, Simon, Clar & Dan
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603
TEL: (312) 641-6777
FAX (312) 641-7114

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

WTE S&S AG Enterprises, LLC,
a Wisconsin limited liability company,

　　　　Debtor/Debtor-in-Possession.

Chapter 11
Case No. 16-09913
Judge Donald R. Cassling

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant: CRANE, SIMON, CLAR & DAN, Debtors' Former Counsel

Authorized to Provide professional services to: Debtor

Date of Order Authorizing Employment: April 26, 2016 (Retroactive to March 23, 2016)

Period for which compensation is sought: August 17, 2017 through November 1, 2017

Amount of Fee Sought: $59,514.00

Amount of Expense Reimbursement sought: $1,197.89

This is a(n) Interim Application _____     Final Application __X__
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested Fees & Expenses | Total Allowed |
|---|---|---|---|
| 11/1/16 | 3/18/16 - 10/24/16 | $96,649.64 | $96,649.64 |
| 10/17/17 | 10/25/16 – 8/16/17 | $194,867.03 | $179,243.03 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: **Debtor's Counsel received a pre-petition advance payment retainer from the Debtor in the amount of $32,000.00. This pre-petition retainer was credited against the prior interim fees and expenses and allowed by this Court to Debtor's Counsel. Debtor's Counsel has been paid a total of $96,649.64 including the retainer.**

Date:   February 27, 2018

　　　　　　　　　　　　　　Applicant:   Jeffrey C. Dan and the law firm of
　　　　　　　　　　　　　　　　　　　　Crane, Simon, Clar & Dan

　　　　　　　　　　　　　　　　　　　　By: /s/Jeffrey C. Dan
　　　　　　　　　　　　　　　　　　　　Debtor's Former Counsel

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

WTE S&S AG Enterprises, LLC,
a Wisconsin limited liability company,

      Debtor/Debtor-in-Possession.

Chapter 11
Case No.  16-09913
Judge Donald R. Cassling

## MOTION FOR ALLOWANCE OF FINAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S FORMER COUNSEL

    Jeffrey C. Dan and the law firm of Crane, Simon, Clar & Dan ("CSCD"), Former Counsel

to WTE S&S AG Enterprises, LLC, Debtor and Debtor in Possession herein, make their Motion

pursuant to Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules

of Bankruptcy Procedure and Rule 5082-1 of the Local Rules of the Court, for Allowance of Final

Compensation and Reimbursement of Expenses for legal services rendered and expenses incurred

during the period August 17, 2017 through November 1, 2017, and in support thereof, state as

follows:

### Introduction

    1.    On March 23, 2016, the Debtor filed its voluntary petition for relief under Chapter

11 of the Bankruptcy Code ("Petition Date").

    2.    The Debtor is operating its business and managing its financial affairs as Debtor-

in-Possession. No trustee, examiner or committee of unsecured creditors has been appointed to

serve in this reorganization case.

3.     On April 26, 2016, this Court entered an Order authorizing the Debtor to retain CSCD[1] as its Counsel in this Chapter 11 case retroactive to the Petition Date, with compensation subject to the further Order of this Court.

4.     By this Motion, CSCD request allowance of final compensation and reimbursement of expenses in the amounts of $59,514.00 and $1,197.89 respectively, for legal services rendered to the Debtor during the period August 17, 2017, through November 1, 2017.[2] Interim fee orders have been entered allowing the fees and expenses of CSCD from March 23, 2016 through August 16, 2017. This final application requests the allowance of the fees from August 17, 2017 through November 1, 2017, and final approval of the prior interim allowances pursuant to Section 330 of the Bankruptcy Code. Itemizations of the legal services rendered and expenses incurred during the relevant period are attached to this Motion as Exhibits A and B, respectively. CSCD also request that this Court authorize the payment of any allowed final compensation and reimbursement of expenses from cash collateral.

5.     CSCD has received two prior allowances of interim compensation and expenses in this Chapter 11 case in the aggregate amount of $275,892.67. The pre-petition retainer of $32,000.00 received by CSCD was applied by CSCD to the first allowance of interim compensation and expenses awarded by this Court. CSCD received one additional payment from the Debtor in the amount of $64,649.64.

6.     The Second Application for Interim fees also included two (2) types of voluntary reductions by CSCD. First, CSCD made a voluntary reduction for "no charge" time in the

_____

[1] The Order entered authorized the Debtor to employ Crane, Heyman, Simon, Welch & Clar. In November, 2017, David Welch left the firm and the name of the firm changed to Crane, Simon, Clar & Dan.

[2] There are two additional time entries in February, 2018 for the drafting of this Motion

2

aggregate amount of $35,841.00. This "no-charge" time is primarily comprised of not charging for most inter-office conferences and similar legal services being rendered by multiple attorneys at CSCD on a particular matter. Second, CSCD made an additional voluntary reduction of $45,609.00 to account for any assertion that CSCD's fees relating to its injunction case against S&S AG Enterprises, LLC (which injunction was denied by this Court) were not entirely beneficial to the Debtor and its estate. While CSCD fully believes that all of its fees are reasonable and beneficial, as an accommodation to its client and in order to avoid any litigation over the reasonableness of its fees, CSCD voluntarily made the reductions. The entire value of these two (2) voluntary reductions was $81,450.00. In the event that objections are made to the fees requested by CSCD, CSCD reserves its right to withdraw these reductions and seek an allowance of the full amounts attributable to the fees incurred by CSCD.

7.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

8.    The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Rule 5082-1 of the Local Rules of this Court.

**Relevant Background**

9.    The Debtor is a limited liability company that was established pursuant to, and is in good standing under the laws of the State of Wisconsin. The Debtor's principal office is located at 2629 N. Seminary Ave., Chicago, Illinois 60614.

10.     The Debtor was formed for the purpose of constructing an anaerobic digester ("Digester") on the largest dairy farm in Door County, Wisconsin so as to generate electricity from harnessing methane extracted from animal waste.

11.     With the use of capital raised from investors and financing from the State Bank of Chilton ("Lender"), the Debtor constructed and installed the Digester in 2011 on the dairy farm located at 7900 Old Elm Road, Sturgeon Bay, Wisconsin ("Dairy Farm"). The Digester became operational in January 2012. The Debtor leases the Dairy Farm from S&S AG Enterprises, LLC ("S&S") under the Land Lease with the term of twenty (20) years commencing on October 1, 2010. S&S and the Debtor are unrelated parties.

12.     In October 2011, the Lender made loans to the Debtor in the approximate aggregate amount of $2,500,000.00. The indebtedness arising from these loans in purportedly secured by first position liens and security interests on virtually all of the Debtor's assets, including cash collateral as that term is defined in Section 363(a) of the Bankruptcy Code. The remaining balance due to the Lender is approximately $1,000,000.00.

13.     The Digester is a 2.1 million gallon sealed cement tank (which is almost exactly the size of a football field) that is approximately sixteen (16) feet deep. The Digester has a system of pumps and piping that takes the animal waste from approximately 5000 dairy cattle at the Dairy Farm and after an approximate 21 day process utilizing organic and naturally occurring enzymes, converts the waste to electricity (from the methane gas) and bedding for cows on the Dairy Farm (from the remaining dry solid material). A third by-product of this process is the generation of carbon credits that are determined by the amount of methane that is prevented from being released into the atmosphere. Typically, these carbon credits are registered and then sold to third parties.

14.     The Debtor and S&S are also parties to a contract dated October 1, 2010 which provides for the installation and operation of the Digester and the rights and obligations of the Debtor, as the owner of the Digester, and S&S, as the owner of the Dairy Farm, with respect thereto (the "Digester Contract"). On September 15, 2016, the Debtor sent a letter notifying S&S of ongoing defaults under the Digester Contract (the "Default Letter"). On September 30, 2016, S&S responded to the Debtor's Default Letter, denying the existence of the defaults set forth therein and asserting that the Debtor is in default under the Digester Contract.

15.     In later 2013, the Debtor initiated litigation against GHD, Inc., a/k/a DVO, Inc. ("DVO") for breach of contract ("Debtor Litigation") in the Circuit Court of Door County, Wisconsin ("Wisconsin State Court"). In the Debtor Litigation, the Debtor sought damages from DVO in an amount in excess of $2,000,000.00 for numerous errors and omissions in the design and construction of the Digester. As of the Petition Date, the Debtor Litigation was pending in the Wisconsin State Court.

16.     Shortly after the commencement of the Debtor Litigation, and presumably in partial response to the Debtor Litigation, D&D Equipment Co., Inc. and Endeavor Electric, Inc. ("D&D/Endeavor") filed a separate action against the Debtor in the Wisconsin State Court to recover amounts purportedly due from the Debtor relating to work on the Digester ("Other Litigation").

17.     The Wisconsin State Court decided to rule on the claims in the Other Litigation without also determining the claims in the Debtor Litigation and entered summary judgment in favor of D&D/Endeavor and against the Debtor in the amount of $307,982.98.[3]   Thereafter, D&D/Endeavor issued a non-wage garnishment to Wisconsin Public Service Corporation

---

[3] The Debtor has filed an appeal from this judgment.

("WPSC") which resulted in $24,734.35 owed to the Debtor by WPSC being delivered to the Clerk of the Wisconsin State Court for eventual partial payment of the judgment ("Garnished Funds"). The Garnished Funds represent revenue due to the Debtor from WPSC for the production of electricity from the Digester.[4]

18.     The Debtor objected to the non-wage garnishment. Presumably, if permitted to proceed with the non-wage garnishment, not only would the Garnished Funds have been lost to D&D/Endeavor but future revenues due from WPSC may also have been lost to D&D/Endeavor.[5] Such a result would have stripped the Debtor of its ability to operate its business, to reorganize and pay its other creditors (including the Lender) and to prosecute the Debtor Litigation. Since the Petition Date, pursuant to the Order of this Court, the Garnished Funds have been turned over to the Debtor.

19.     These events in the Other Litigation were the triggers for the commencement of this Chapter 11 case.

20.     The Debtor removed the Debtor Litigation to the United States Bankruptcy Court for the Eastern District of Wisconsin (the "Wisconsin Bankruptcy Court"). Immediately thereafter, the Debtor filed a motion in the Wisconsin Bankruptcy Court to transfer venue of the Debtor Litigation to this Court.

21.     Pursuant to a Stipulation between the Debtor and DVO (the "Venue Transfer Stipulation"), venue for the Debtor Litigation was transferred from the Wisconsin Bankruptcy Court to this Court. This Court has entered a judgment in favor of the Debtor and against DVO in

---

[4] WPSC and the Debtor are parties to a Power Purchase Agreement pursuant to which WPSC purchases all of the energy manufactured in the Digester. The revenue generated under this Power Purchase Agreement comprises the majority of the Debtor's overall income.

[5] These revenues due from WPSC are payable on a monthly basis to the Debtor.

the Debtor Litigation in the amount of $65,961.86. This Court also awarded fees and costs to the

Debtor against DVO as a result of this breach of contract in the amount of $197,885.58.

22.     On October 5, 2016, the Debtor filed a Motion to Assume the Land Lease with S&S

(the "Assumption Motion"). On October 17, 2016, S&S appeared through counsel. The Debtor

and S&S have agreed to extend the deadline for the Debtor to assume the Land Lease pursuant to

Section 365 of the Bankruptcy Code. At the request of S&S, the Debtor has provided S&S with

various document in order to assist S&S in evaluating the issues presented in the Assumption

Motion. To date, S&S has not indicated its position with respect to the Assumption Motion. The

Assumption Motion remains pending in this Court.

23.     This Court entered an Order on March 8, 2017, denying the Debtor's request for a

preliminary injunction against S&S. The underlying adversary proceeding against S&S has been

stayed by this Court pending the completion of contractual arbitration by the parties.

24.     The Debtor and State Bank of Chilton have both filed competing Plans of

Reorganization.

**Interim Compensation and Expenses Requested**

25.     CSCD is a law firm whose practice is almost exclusively concentrated in the fields

of bankruptcy, reorganization and insolvency. CSCD is comprised of five (5) members, and one

(1) "of counsel" attorney, some of whom have participated in representing the Debtor in this

bankruptcy case. Previously, CSCD was comprised of five (5) members, one (1) associate and one

(1) "of counsel" attorney.

26.     The following is biographical information pertaining to those attorneys who have

been primarily involved in the representation of the Debtor. Other attorneys at CSCD have also

participated to a lesser extent in this Chapter 11 case. Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

27.   DAVID K. WELCH is a former member of the law firm and has been practicing law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October, 1979, through June 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

28.    ARTHUR G. SIMON is a member of the law firm and has been practicing law since 1979 when he graduated from the Loyola University of Chicago, School of Law. Mr. Simon has been admitted to practice law in the state courts of Illinois, in the United States Court of Appeals for the Seventh Circuit, and in the United States District Courts for the Northern and Central Districts of Illinois, the Eastern District of Wisconsin and the Northern District of Indiana. He is a member of the Federal Trial Bar.

Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy and insolvency litigation and has represented virtually every type of party in such matters, including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors' committees. His activities have included membership in the Chicago Bar Association Committee on Bankruptcy and Reorganization. He has served as the Editor of the Advance Sheets provided by said Committee. In that capacity, he reported the rulings and opinions of the Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of the Chicago Bar Association. He served for several years on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association for whom he has published several articles, and also served on the General Assembly of that Association.

29.    JEFFREY C. DAN is a member of the law firm and has been practicing law in the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including personal injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002 and has been actively involved in all aspects of bankruptcy litigation as well as State Court litigation that arises in insolvency matters. Mr. Dan is admitted to practice in the United States Court of Appeals for the Seventh Circuit and the Third Circuit, and the United States District Courts for the Northern

9

and Central Districts of Illinois, Northern District of Indiana, and the Eastern District of Wisconsin, and is a member of the Federal Trial Bar.

30.      BRIAN P. WELCH is a former associate with CSCD whose practice is primarily focused in the fields of bankruptcy, business reorganization, debtor's and creditor's rights, insolvency, and commercial litigation. He has represented a diverse group of clients including individual and corporate debtors in Chapter 11 and Chapter 7 proceedings, secured and unsecured creditors, estate representatives such as Chapter 7 and Chapter 11 trustees, plan administrators and assignees for the benefit of creditors. He has a broad range of experience in both State and Federal Courts, including representation of creditors in State Court, with respect to contract and mortgage foreclosure actions.

Prior to joining CSCD, Mr. Welch was an associate in the Chicago Bankruptcy & Creditors' Rights and Litigation groups at Arnstein & Lehr LLP. He graduated *cum laude* from The John Marshall Law School in 2011 and received his B.A. from the University of Illinois in 2008. While in law school, he was a member of The John Marshall Law Review and served on the John Marshall Moot Court Honors Executive Board. Mr. Welch represented The John Marshall Law School in several national inter-scholastic competitions, including the Hon. Conrad B. Duberstein Bankruptcy Moot Court Competition (Spring 2011), where his team received an "Outstanding Brief" award, and the Pepperdine University School of Law National Entertainment Law Moot Court Competition (Fall 2010), where his team was named a national quarterfinalist.

Mr. Welch is admitted to practice in the United States Court of Appeals for the Seventh Circuit, the United States District Court for the Northern District of Illinois and in the State of Illinois. He is an active member of the American Bankruptcy Institute, the American Bar

Association, and the Illinois State Bar Association. He has been published in various local and national publications.

31.     The hourly rates usually charged by CSCD in matters of this nature are as follows:

| Attorney | Hourly Rates |
|---|---|
| Eugene Crane (EC)[6] | $510.00 |
| Arthur G. Simon (AGS) | $510.00 |
| David K. Welch (DKW) | $510.00 |
| Scott R. Clar (SRC) | $510.00 |
| Jeffrey C. Dan (JCD) | $445.00 |
| Brian P. Welch (BPW) | $325.00 |
| John H. Redfield (JHR) | $400.00 |

32.     The following is a chart that depicts the total hours that each attorney at CSCD expended in representing the Debtor during the relevant period:

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 2.50 | $ 1,275.00 |
| David K. Welch | 100.90 | $51,459.00 |
| Jeffrey C. Dan | 11.00 | $ 4,895.00 |
| Brian P. Welch | 11.50 | $ 1,885.00 |
| **Total** | **125.90** | **$59,514.00** |

33.     During the course of the representation of the Debtor during the relevant period, CSCD incurred expenses of 1,197.84. These expenses are itemized in **Exhibit B** to this Motion.

**Legal Services Rendered to the Debtor**

34.     The representation of the Debtor is categorized in this Motion as follows:

A.     **General Administration**
The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, preparing bankruptcy schedules and state of financial affairs as well as any amendments thereto, filing routine motions and filing professional fee applications and retention motions. Also included in this category

---

[6] These are the abbreviations utilized in the Exhibits to this Motion.

11

are legal services related to assisting the Debtor with its monthly operating reports and responding to general creditor inquiries.

| Total Time Expended | | 11.90 hours |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| David K. Welch | 8.40 | $4,284.00 |
| Jeffrey C. Dan | 3.50 | $1,557.50 |
| **TOTAL** | **11.90** | **$5,841.50** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

B)   **Cash Collateral Issues; Lender's Claim**
     The key to the continued administration of this Chapter 11 case has been the entry of a series of Cash Collateral Orders by this Court. The Lender interposed certain objections to the use of cash collateral by the Debtor. CSCD reviewed all of the Lender's loan documents and assisted the Debtor in all aspects of maintaining the Debtor's continued and uninterrupted use of cash collateral. All objections by the Lender to the use of cash collateral were either consenually resolved or overruled by this Court.

| Total Time Expended | | 9.60 hours |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| Arthur G. Simon | 0.50 | $ 255.00 |
| David K. Welch | 8.80 | $4,488.00 |
| Jeffrey C. Dan | 0.30 | $ 133.50 |
| **TOTAL** | **9.60** | **$4,876.50** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

C)   **DVO Litigation**
     The Debtor retained Special Counsel with respect to the DVO Litigation. CSCD assisted the Debtor in the selection of Special Counsel and the negotiation of a fee arrangement that was approved by this Court. While insuring that its legal services have not been duplicative of those of Special Counsel, CSCD assisted in the organization and preparation of the DVO Litigation for trial before this Court. Additionally, since the Mediation was structured as a negotiation to resolve all bankruptcy and litigation issues, CSCD was involved in all aspects of the mediation.

12

| Total Time Expended | | 4.80 hours |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| David K. Welch | 3.90 | $1,989.00 |
| Brian P. Welch | 0.90 | $ 292.50 |
| **TOTAL** | **4.80** | **$2,281.50** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this category.

D)   **Carbon Credits**

Carbon credits (or offsets) are generated from the operation of the Digester and are derived from calculating the amount of methane that the animal waste would otherwise vent into the atmosphere were it not for the operation of the Digester. Since the Digester harnesses this methane and converts it into renewable energy, the Debtor obtains "credits" for this environmental benefit. Prior to the Petition Date, the Debtor entered into a Carbon Asset Development Agreement ("Carbon Credit Contract) with Camco Offsets I, LLC ("Camco"). Under the Carbon Credit Contract, Camco is to market and sell the carbon credits on a segmented basis (usually annually) to third parties after an extensive verification process.

CSCD has analyzed the Carbon Credit Contract and assisted and advised the Debtor concerning the monetization of carbon credits under the Carbon Credit Contract. The Debtor received the next recovery of revenue from the carbon credits during the fourth quarter of 2017.

| Total Time Expended | | 0.40 hours |
|---|---|---|
| **Attorney** | **Hours** | **Amount** |
| David K. Welch | 0.40 | $204.00 |
| **TOTAL** | **0.40** | **$204.00** |

Attached to this Motion as **Exhibit F** is an itemization of the legal services rendered in this category.

E)   **Matters Involving S&S Ag Enterprises LLC**

The Debtor leases the Dairy Farm from S&S pursuant to a long-term Land Lease. The Debtor has filed the Assumption Motion with the Court. S&S has retained Counsel and the Assumption Motion

13

remains pending in this Court. CSCD has also assisted the Debtor with the production of documents requested by S&S

The Debtor and S&S are also parties to the Digester Contract. The Debtor formally notified S&S of its ongoing defaults under the Digester Contract. S&S denied these asserted defaults and has made certain other claims against the Debtor under the Digester Contract. The Debtor commenced an adversary proceeding in this Court against S&S for breaches of the Digester Contract. In conjunction with this adversary proceeding, the Debtor also sought injunctive relief against S&S to enjoin S&S from continuing to use lime paper pulp in the bedding for its dairy cows as this lime paper pulp is being placed into the waste stream that flows to the Digester and is causing severe sedimentation in the Digester that threatens the continued operation of the Digester. Both the Debtor and S&S conducted extensive discovery relating to the Debtor's claim for an injunction. After a multiple day trial, this Court denied the Debtor's request for an injunction and stayed further litigation in the underlying adversary proceeding while the parties proceed to arbitration of the other causes of action in the underlying Complaint.

The attempts at resolving the issues between the Debtor and S&S have thus far been unsuccessful. If not settled, the parties will proceed to arbitration of the multiple breaches of the Digester Contract by S&S.

**Total Time Expended**                        **3.30 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 1.60 | $  816.00 |
| Brian P. Welch | 1.70 | $  552.50 |
| **TOTAL** | **3.30** | **$1,368.50** |

Attached to this Motion as **Exhibit G** is an itemization of the legal services rendered in this category.

F)   **Exit Strategy**
CSCD has regularly advised the Debtor of its rights, options and obligations relating to an exit strategy from this Chapter 11 case. CSCD has sought, and obtained, extensions of the applicable exclusive periods set forth in Section 1121 of the Bankruptcy Code on behalf of the Debtor. On August 22, 2017, the Debtor filed its Plan and supporting Disclosure Statement. On November 16, 2017, the Lender filed a competing Plan of Reorganization as well as an Amended Plan on February 6, 2018.

**Total Time Expended**                          **37.50 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 36.60 | $18,666.00 |
| Jeffrey C. Dan | 0.10 | $     44.50 |
| Brian P. Welch | 0.80 | $   260.00 |
| **TOTAL** | **37.50** | **$18,970.50** |

Attached to this Motion as **Exhibit H** is an itemization of the legal services rendered in this category.

G)   **Digester Cleanout**

In order to continue the operation of the Digester, the Digester needed to be shutdown, cleaned out and have repairs made to certain parts in the Digester, CSCD filed a Motion to approve the cleanout and the expenses associated with the cleanout. The Lender objected to the Motion and a hearing was held by this Court on October 6, 2017. The Court approved the cleanout and the expenses related. CSCD prepared and filed pleadings, prepared witnesses for the trial and conducted the day long trial regarding approving the cleanout and related expenses.

**Total Time Expended**                          **58.40 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon | 2.00 | $ 1,020.00 |
| David K. Welch | 41.20 | $21,012.00 |
| Jeffrey C. Dan | 7.10 | $ 3,159.50 |
| Brian P. Welch | 8.10 | $   780.00 |
| **TOTAL** | **58.40** | **$25,971.50** |

Attached to this Motion as **Exhibit I** is an itemization of the legal services rendered in this category.

**Request For Related Relief**

35.     The Debtor will have sufficient cash to pay the final fees and expenses requested by CSCD in payments over time. CSCD request that this Court authorize the payment of allowed fees and expenses from cash collateral. The secured interest of the Lender will remain adequately protected after payment of any allowed interim fees and expenses to CSCD.

**Conclusion**

36.     Other than as provided in Section 504(b) of the Bankruptcy Code, CSCD has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity. The sole and exclusive source of compensation shall be funds of the Debtor.

37.     CSCD asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services. CSCD further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code.

38.     CSCD asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

39.     CSCD submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

WHEREFORE, Jeffrey C. Dan and the law firm of Crane, Simon, Clar & Dan, Debtor's Former Counsel, request the entry of an Order allowing $59,514.00 as final compensation and $1,197.84 as reimbursement of expenses authorizing the payment of allowed interim fees and

expenses from cash collateral; allowing the Interim Allowances as final allowances under Section

330 of the Bankruptcy Code; and granting such other relief as may be just and appropriate.

Respectfully Submitted,

Jeffrey C. Dan, and the law firm of Crane, Simon, Clar & Dan

By:/s/Jeffrey C. Dan

**DEBTOR'S FORMER COUNSEL:**
Jeffrey C. Dan (Atty No. 06242750)
Arthur G. Simon (Atty No. 03124481)
CRANE, SIMON, CLAR & DAN
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603
(312) 641-6777